SONORA SEWARD, Appellant, v. W. H. C. SEWARD, Appellee.

200 So. 78
Division A
Opinion Filed January 28, 1941

*W. J. Gardiner,* for Appellant;

*Rudyard K. Bell,* for Appellee.

THOMAS, J.—It seems necessary to decide but two of the questions presented to us by the appellant in her appeal from the final decree granting the appellee a divorce. The first one is the propriety of the ruling of the chancellor in denying a motion to dismiss the bill of complaint.

The sole ground of wilful, obstinate and continuous desertion on the part of the wife for the period of one year was relied upon by plaintiff and the only allegations in the original pleading presenting it follow: "that during the month of May, A. D. 1938, the defendant left the home of your orator; that while she was away your orator changed his domicile, and without cause or provocation the defendant refused to establish her domicile with that of her husband and continued to live apart from him; and orator avers that he many times asked her to live with him, but that each time she has refused and does now refuse, and he avers that said desertion has been continuous." This Court has discussed so many times the essential requirements of pleading and proof to present and substantiate the right of one spouse to be freed from the other because of desertion it seems unnecessary to repeat them here. It is apparent from an

examination of the quoted averments that they are drawn imperfectly and, when construed against the alleger, fail to state with sufficiency indispensable elements of the charge. It was necessary that a purposeful and intentional abandonment of the complainant by the defendant and a determined, fixed and persistent absence on her part for the period of at least a year be stated and proven to justify a decree in favor of the complainant. The original departure of the defendant cannot be relied upon as the beginning of the period of desertion because, for aught that is pleaded, she left upon some journey with no intention to remain away. If dependence was placed upon her refusal to rejoin her husband at the new domicile he established in her absence, then the period cannot be computed because the date is not given. It is true that the wife is charged with having declined to return to the new home and that desertion on her part has been continuous, but not knowing when the separation began or ended, of course, its duration is not established. It is not alleged with certainty that meanwhile there was no cohabitation. This is important because if there was a break or interruption in the separation it could not have been continuous.

The other order challenged by the appellant is the one entered by the chancellor on the plea of privilege incorporated in the answer. The bill of complaint was filed in Dade County and alleged that the plaintiff was a resident of DeSoto County and that the defendant lived in Volusia County. In her plea the defendant claimed the privilege of being sued in the county where the husband lived and where the cause of action, if any, accrued, or in the county where she maintained her place of residence.

The practice of incorporating such a plea in the answer is proper under the 1931 Chancery Act. It is expressly provided that pleas be abolished and that every defense

"presentable by pleas in bar or abatement shall be made in the answer." In her answer the defendant also included a motion to dismiss which was likewise permissible under Section 33 of the same law. It is correct procedure for a plea or motion to be disposed of before final hearing or trial as was done in this case.

The objections on the part of plaintiff to the defendant's plea of privilege were that she had waived her right to present it because she had filed a motion to dismiss and for the further reason that she had sought affirmative relief in her answer. The chancellor in striking the plea of privilege gave as his reasons for doing so the inclusion in the answer of a prayer for affirmative relief and an attack on the bill of complaint. Obviously, if the defendant could properly incorporate a motion and the plea in the answer, the latter could not be defeated because in that answer she sought attorney's fees and made an attack on the bill, so, the ruling was erroneous.

We have held that actions for divorce are transitory and that the defendant may waive the right to be sued in the particular county (Evans v. Evans, 141 Fla. 860, 194 So. 215), and that a complainant may maintain a suit in any county of this State other than his residence if his spouse does not reside in the State when the suit is instituted (McGowin v. McGowin, 122 Fla. 294, 165 So. 274). We have referred to these decisions, but do not think that this cause is ruled by them. The defendant had a privilege under the statute which she could assert or waive. In electing to exercise it by plea incorporated in an answer containing also a motion to dismiss she did not waive it.

The decree is reversed because of the error in denying the motion to dismiss and striking the plea of privilege.

Reversed.

TERRELL, C. J., BUFORD and ADAMS, J. J., concur.