531 So.2d 222 (1988)
Carolyn Patricia ALSUP, Appellant,
v.
YOUR GRAPHICS ARE SHOWING, INC., and Robert M. Liepsner, Appellees.
No. 87-3326.
District Court of Appeal of Florida, Second District.
September 16, 1988.
*223 David S. Maglich of Devito & Colen, P.A., St. Petersburg, for appellant.
Richard A. Zacur of Mensh, Zacur & Graham, P.A., St. Petersburg, for appellees.
THREADGILL, Judge.
Carolyn Patricia Alsup appeals the order of the trial court dismissing her amended complaint against Your Graphics Are Showing, Inc. (Your Graphics) and Robert M. Liepsner (Liepsner). We affirm the dismissal of the complaint as to Liepsner, but reverse the order as to Your Graphics.
Your Graphics is a Texas corporation that sells art gallery franchises. Liepsner is a shareholder, director and president of Your Graphics. In 1983 Alsup answered an advertisement placed by Your Graphics in a Texas newspaper, and approached the corporation about buying a franchise to operate in St. Petersburg, Florida. The franchise agreement, executed in Texas, specified that it would be interpreted and construed according to Texas law. All payments on the franchise were to be made in Texas. After Alsup moved to St. Petersburg, Appellee Liepsner visited Florida to advise her about the business. Your Graphics also applied to the Secretary of State to register as a foreign corporation, although for reasons not in the record this application was denied.
In March of 1985, Alsup filed a complaint against Your Graphics and Liepsner in the circuit court of Pinellas County alleging misrepresentation, fraud, theft, breach of fiduciary duty, and unfair trade practices in violation of various provisions of the Florida Statutes, the Texas Business and Commercial Code and the Texas Business Opportunity Act.
Your Graphics and Liepsner filed a "Motion to Dismiss for Improper Venue/Transfer to Proper Place or Venue." Although they styled this motion in language of venue, the relief requested was removal to the courts of Texas, which is clearly not within the jurisdiction of a Florida state court. The motion also asked for dismissal of Liepsner on grounds that the complaint did not allege that he acted independently of Your Graphics.
The trial court, Judge David Seth Walker presiding, denied the motion to dismiss, expressly finding that Your Graphics and Liepsner had minimum contacts with the state of Florida, that they knew Alsup intended to operate the franchise in Florida and that, under the contract, Your Graphics would retain a proprietary interest in the business. The trial court also found that the contract was governed by Florida procedural law and that because Alsup's damages were in Florida, and fraud is not actionable until damages have resulted, Florida courts had jurisdiction over the count alleging fraud, and thus over the entire action. The court made no finding of fact concerning Liepsner's contention that the complaint did not allege facts sufficient to state a cause of action against him individually. The defendants appealed the denial of their motion and this court affirmed the order of the trial court. See Your Graphics Are Showing, Inc. v. Alsup, 482 So.2d 356 (Fla. 2d DCA 1986).
*224 On March 25, 1986, Your Graphics and Liepsner again moved to dismiss, alleging that the complaint failed to state a cause of action against Liepsner individually and that the court lacked in personam jurisdiction over both defendants because the complaint failed to allege any minimum contacts with the state of Florida. See Burger King v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The trial court, Judge Robert F. Michael presiding, dismissed the complaint with leave to amend. An amended complaint almost identical to the original was timely filed. Another motion to dismiss was filed by Liepsner and Your Graphics, and the trial court dismissed the complaint with prejudice. A motion for rehearing was denied and this appeal ensued.
The amended complaint alleged that at all material times Liepsner either participated in making the alleged misrepresentations or approved their dissemination to Alsup. We find that this, without more, is insufficient to state a cause of action against Liepsner individually. We therefore affirm the order of the trial court dismissing Liepsner. See Steinhardt v. Banks, 511 So.2d 336 (Fla. 4th DCA 1987); Fenick v. Robertson, 406 So.2d 1263 (Fla. 4th DCA 1981).
Appellant argues that by initially moving to transfer venue, the appellees waived the right to contest jurisdiction. In Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d DCA 1981), this court held that a motion for change of venue was inconsistent with a challenge to personal jurisdiction and constituted waiver. In so holding, the court found that a request for change of venue, even following a timely asserted challenge to personal jurisdiction, is a request for affirmative relief constituting a waiver of jurisdiction. Therefore, if the initial motion to dismiss in the instant case was actually a request for change of venue, as it was styled, the appellees waived the right to later challenge personal jurisdiction. See also Miller v. Marriner, 403 So.2d 472 (Fla. 5th DCA 1981).
Although the previously appealed order did not set forth any facts indicating that the allegations stated a cause of action against Liepsner individually, the order did include specific findings of fact on which the trial court and this court could determine that Your Graphics and Liepsner had established sufficient minimum contacts to allow Florida to exercise jurisdiction. The issue of jurisdiction had thus been raised, decided by Judge Walker, and affirmed by this court. It was, therefore, error for the trial court to revisit the issue.
Accordingly, the order dismissing Liepsner individually is affirmed. The order dismissing the amended complaint as to Your Graphics is reversed and remanded for further proceedings.
Affirmed in part, reversed in part and remanded.
SCHOONOVER, A.C.J., and FRANK, J., concur.