573 So.2d 833 (1991)
BANCO de COSTA RICA, Petitioner,
v.
Norberto RODRIGUEZ, Respondent.
No. 75164.
Supreme Court of Florida.
January 31, 1991.
John H. Pelzer and Bruce A. Goodman of Ruden, Barnett, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, for petitioner.
Richard M. Goldstein and Susan E. Trench of Goldstein & Tanen, P.A., Miami, for respondent.
GRIMES, Justice.
We review Banco de Costa Rica v. Rodriguez, 550 So.2d 76 (Fla. 3d DCA 1989), because of conflict with Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987), and Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Rodriguez filed suit in Dade County against the Banco de Costa Rica (BCR), a Costa Rican banking corporation, for wrongful dishonor of four checks which BCR had delivered to Rodriguez. The checks were drawn on a checking account which BCR maintained at the Miami office of Citizens and Southern International Bank of Miami (C & S). C & S refused to pay the BCR checks when Rodriguez tendered *834 them. Without effecting service of process on BCR, Rodriguez scheduled a deposition of C & S and mailed a copy to BCR in Costa Rica. Rodriguez also served a subpoena duces tecum on C & S. BCR then moved to quash the deposition and the subpoena on the ground that there had been no service of process of the initial pleading upon BCR. The trial court denied the motion. The following day BCR filed a motion to dismiss Rodriguez's complaint for lack of personal jurisdiction, which was also denied. In a split decision, the Third District Court of Appeal affirmed the denial of this second motion.
The court held that BCR, by its first motion, sought "affirmative relief and waived a subsequent jurisdictional objection." 550 So.2d at 77. In reaching this holding, the court stated that "when a request is made to use the power and authority of a court to prevent the plaintiff from exercising a right accorded by the applicable rules of procedure, or statutes, such a request, or motion, will constitute a general appearance." Id.
At the outset, it should be noted that Rodriguez was not seeking to exercise "a right accorded by the applicable rules of procedure, or statutes." Rule 1.310(a) of the Florida Rules of Civil Procedure specifies that a plaintiff may not take a deposition without leave of court until thirty days after service of the process and initial pleading upon any defendant except where a defendant has already sought discovery or the plaintiff serves a special notice under subdivision (b)(2) stating that the deponent would later be unavailable for examination. Therefore, in order to defend itself from the unauthorized taking of the deposition, BCR had no alternative but to seek relief from the court.
In Cumberland Software, Inc. v. Great American Mortgage, the plaintiff argued that the defendant had waived its right to assert lack of jurisdiction because it had filed an answer and a counterclaim. The court held that there had been no waiver because the defendant included the defense of lack of jurisdiction among its affirmative defenses and that because the counterclaim was compulsory it had to be filed at the same time. The court held that "[d]efensive actions taken by a party do not constitute requests for affirmative relief inconsistent with the party's initial defense of lack of jurisdiction." 507 So.2d at 795. Accord Kimbrough v. Rowe.
In its first motion, BCR gave as its reason for seeking to quash the deposition that Rodriguez had not served BCR with the initial pleading in the case. Therefore, it cannot be said that this constituted a waiver of BCR's subsequent motion asserting that Rodriguez never obtained jurisdiction over the person of BCR. We agree with Judge Baskin's dissent in the court below when she said: "Banco's motion to quash the notice of taking deposition was based on lack of proper service of notice of taking deposition. It was purely defensive and was not a request for affirmative relief inconsistent with a defense of lack of personal jurisdiction." Banco de Costa Rica v. Rodriguez, 550 So.2d at 78 n. 1 (Baskin, J., dissenting).
We quash the decision below and remand for further proceedings.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT and KOGAN, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
A court acquires personal jurisdiction of a defendant either by service of process or by the defendant's voluntary appearance before the court. First Wisconsin National Bank v. Donian, 343 So.2d 943 (Fla. 2d DCA 1977), cert. denied, 355 So.2d 513 (Fla. 1978); McKelvey v. McKelvey, 323 So.2d 651 (Fla. 3d DCA 1976). BCR stated in its first motion that it was making only a "special" appearance. A party's characterization of an appearance is immaterial, however, because a court must look at substance rather than form. McKelvey.
"[T]hose who participate in litigation by moving the court to grant requests materially beneficial to them" voluntarily submit themselves to the jurisdiction of a court. *835 Donian, 343 So.2d at 945. If a defendant asks a court to exercise its power on his behalf, especially when the right to that relief depends on his status as a party, the court's jurisdiction has been invoked.[*] Objections to personal jurisdiction must be raised at that time or they will be waived.
I agree with the trial and district courts that BCR sought affirmative relief through its motion to quash and waived any later complaints about personal jurisdiction. Therefore, I would approve the district court's decision in this case.
NOTES
[*] This holding is not limited to seeking relief only on the merits. The holding in Moo Young v. Air Canada, 445 So.2d 1102 (Fla. 4th DCA), review dismissed, 450 So.2d 489 (Fla. 1984), to the contrary is too limited, and I would disapprove Moo Young to the extent that it conflicts with this opinion.