596 So.2d 697 (1992)
GRAND COULOIR CORPORATION and Seaway Hotel Corporation, Appellants,
v.
CONSOLIDATED BANK, N.A., Appellee.
No. 91-01678.
District Court of Appeal of Florida, Second District.
February 14, 1992.
*698 Darryl R. Richards of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clear-water, for appellants.
Hilarie Bass and Raquel A. Rodriguez of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for appellee.
RYDER, Acting Chief Judge.
Grand Couloir Corporation and Seaway Hotel Corporation seek review of the trial court's nonfinal order granting Consolidated Bank's motion to confirm expiration of option in this foreclosure action. We reverse.
Consolidated Bank (Consolidated) filed a three-count complaint against Grand Couloir seeking damages for breach of a promissory note, seeking foreclosure of a mortgage and foreclosure of a security interest in personal property. Consolidated also named Sand Key Land Corporation and John E. Hinson as defendants in the mortgage foreclosure action. Sand Key and Hinson held a second mortgage on the real property which was the subject of the foreclosure action.
Consolidated filed a supplemental motion for summary judgment on the counts relating to the foreclosure of its mortgage and security interest and attached supporting affidavits. Grand Couloir filed a detailed affidavit in opposition to the motion for summary judgment. Before the hearing on the motion for summary judgment, Grand Couloir and Consolidated agreed to settle the action. They entered into a written stipulation and joint motion for entry of final judgment of foreclosure. Seaway Hotel, the parent company of Grand Couloir, was a party to the stipulation, because Consolidated agreed to grant it an option to purchase the mortgaged property in the event that Consolidated was the successful bidder at the foreclosure sale. Also, Consolidated and Seaway agreed to divide certain developmental rights associated with the mortgaged property and adjacent property owned by Seaway.
The option agreement provided that the option term expired on December 28, 1990, unless extended for an additional sixty days by payment of $250,000.00 from Seaway to Consolidated. The option agreement between Consolidated and Seaway was contained in the "Stipulation and Motion for Entry of Final Judgment of Foreclosure" (stipulation) filed in the court below by Consolidated and Grand Couloir. In the final paragraph of the stipulation Grand Couloir and Consolidated (but not Seaway) moved the court to enter an order approving the stipulation, which it did. The stipulation also contemplated and addressed the possibility that the filing of a voluntary or involuntary bankruptcy could have the effect of disturbing the foreclosure sale date. The parties agreed to resolve that issue by determining that such a filing would neither extend nor otherwise *699 disturb the time frame and final cutoff date for the exercise of the option by Seaway.
In the order approving and ratifying the stipulation, the trial court directed the parties to comply with the stipulation and the court retained jurisdiction to enforce the stipulation. On the same date it entered the order approving the stipulation, the court entered a final judgment of foreclosure in favor of Consolidated pursuant to the stipulation. The foreclosure sale was scheduled to occur on December 17, 1990.
The stipulation also required Consolidated, Grand Couloir and Seaway to keep the terms of the agreement confidential. Consolidated also executed a separate confidentiality motion based upon which the court entered a confidentiality order. Contrary to the terms of the settlement stipulation, Consolidated provided a copy of the settlement agreement to Sand Key and Hinson. As a result, on November 27, 1990, Sand Key and Hinson filed a motion to vacate and set aside final judgment of foreclosure or, in the alternative, for rehearing. The court denied the motion and ordered that the foreclosure sale occur on December 17, 1990, as originally scheduled. On that date, Sand Key and Hinson filed an involuntary bankruptcy petition against Grand Couloir and the foreclosure sale was stayed. Ultimately, Consolidated paid Sand Key a sum of money to dismiss the involuntary petition. Thereafter, the trial court rescheduled the foreclosure sale for March 27, 1991. The sale occurred and Consolidated was the successful purchaser.
On the day of the sale, Consolidated filed a motion for entry of order confirming expiration of option. On April 30, 1991, the court entered an order granting Consolidated's motion. The order stated that the option term, "as well as any other property rights of ... Seaway created by the Stipulation or otherwise, have expired and are of no further force and effect." The order further stated that "neither Seaway nor Couloir have any right, title or interest in the subject Property."
Seaway argues that the trial court erred in confirming the expiration of the option against Seaway because the trial court had no personal jurisdiction over Seaway. Jurisdiction over a person or entity is ordinarily acquired by service of process on them or by their voluntary appearance and submission to the court. First Wisconsin National Bank of Milwaukee v. Donian, 343 So.2d 943 (Fla. 2d DCA 1977), cert. denied, 355 So.2d 513 (Fla. 1978). Because there was no personal or constructive service on Seaway, we must determine whether it voluntarily submitted to the court's jurisdiction. Seaway "entered into" the stipulation which was filed in the court below. Seaway's name appears throughout the document and the document was signed by Seaway. The option agreement gave Seaway the option to purchase the subject property. This option to purchase was a benefit received by Seaway as a result of the stipulation and agreement. The option agreement is contained within the stipulation which was filed in the trial court. Under these circumstances, Seaway voluntarily submitted itself to the jurisdiction of the trial court. See Donian (receipt of material benefit sufficient to constitute a submission to court's jurisdiction). If Seaway did not want to submit to the jurisdiction of the court, it should have made the option agreement a separate document. Accordingly, we hold that the trial court had personal jurisdiction over Seaway with regard to issues concerning the option agreement.
Seaway next argues that the trial court did not have the requisite subject matter jurisdiction over Seaway to support its order. We agree that Seaway did not have notice that the trial court was going to rule on "any other property rights of ... Seaway created by the Stipulation or otherwise ... [or its] right, title [and] interest in the subject property."
The court went beyond the issues for which Seaway had notice. The trial court ruled on matters which do not involve the option agreement. The trial court does not have jurisdiction to rule on matters of which a party has no notice. See Stickney *700 v. Stickney, 377 So.2d 187 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980); see also Broussard v. Broussard, 506 So.2d 463 (Fla. 2d DCA 1987). Appellants' counsel objected to the proposed final order upon learning of it's contents, and therefore, did not waive the issue. Accordingly, we hold that the court lacked the requisite subject matter jurisdiction over Seaway and for this reason the case is reversed and remanded for a full hearing.
Reversed and remanded.
LEHAN and PARKER, JJ., concur.