683 So.2d 194 (1996)
Thomas K. HEINEKEN, Appellant,
v.
Kathy Rae HEINEKEN, Appellee.
No. 96-525.
District Court of Appeal of Florida, First District.
November 26, 1996.
*195 Gordon Edward Welch, Pensacola, for Appellant.
Gregory D. Smith, Pensacola, for Appellee.
VAN NORTWICK, Judge.
Thomas K. Heineken, the former husband, appeals a non-final order denying his motion to dismiss for lack of personal jurisdiction. We have jurisdiction. Rule 9.130(a)(3)(C)(i), Fla.R.App.P. Because we conclude that the former husband is not subject to the jurisdiction of Florida courts under the Florida longarm statute, section 48.193, Florida Statutes (1995), we reverse.

Factual and Procedural Background
The appellant and appellee, Kathy Rae Heineken, the former wife, were married in Gainesville, Florida in 1979. The parties never established a matrimonial home in Florida, moving immediately after their wedding to Georgia and, as a result of the former husband's military service, living in Georgia, Kentucky, Germany, Kansas and Colorado during various times from 1979 through 1992. The parties separated in 1992 while residing in Colorado and a Colorado court entered a final decree of dissolution of marriage in 1994. Until 1992, the former husband claimed Florida as his domicile for military pay purposes. The former wife moved to Pensacola, Florida in 1993 and, on August 22, 1995, filed a petition to domesticate the Colorado decree of dissolution of marriage and to modify the alimony and child support provisions in the decree. The former husband, who continues to serve in the military and at the time of the hearing below asserted a Tennessee domicile, was served at his current residence in Ft. Hood, Texas. He moved to quash for insufficient service of process and to abate or dismiss for lack of personal jurisdiction.
Following a hearing, the lower court denied the former husband's motions and ruled that personal jurisdiction could be established over him. The court based its ruling on a finding that Florida was the former husband's designated domicile until approximately 1993 and that until 1993 the former *196 husband was registered to vote in Florida and held a Florida driver's license. The trial court also noted that the parties considered Florida their legal residence until 1992.
While no statutory basis for asserting personal jurisdiction is stated in the order on appeal, the former wife argues that jurisdiction exists under either of two sections of the Florida long-arm statute, sections 48.193(1)(e) and 48.193(2), Florida Statutes (1995). We cannot agree.

Jurisdiction under Long-Arm Statute
Section 48.193(1)(e) provides that, with respect to a proceeding for alimony, child support or division of property in a dissolution action or with respect to "an independent action for support of defendants," jurisdiction is established by the defendant maintaining a marital domicile in Florida at the time the action is commenced or residing in the state "preceding the commencement of the action." Based upon the recent decision of the Florida Supreme Court in Garrett v. Garrett, 668 So.2d 991 (Fla.1996), however, this statutory provision cannot be a basis for the assertion of long-arm jurisdiction over the appellant in the instant action.
In Garrett, the parties were married in Florida in 1974, had a daughter in Florida in 1978, moved to Texas in 1986, and lived there together until their separation in 1991. Id. at 992. In rejecting the wife's contention that, under section 48.193(1)(e), the Florida trial court had jurisdiction over the husband, then domiciled in Indiana, the court held that the language in section 48.193(1)(e), which reads "if the defendant resided in this case preceding the commencement of the action," cannot be interpreted "so literally as to grant jurisdiction over any parties to a dissolution proceeding where the spouses had ever resided in Florida for any length of time." Id. at 994. The court reasoned that:
... [t]o allow the court to obtain personal jurisdiction under these circumstances would empower the Florida courts to exercise jurisdiction over any party to a dissolution proceeding if the couple had ever lived in this state, for however brief a time. This would clearly violate the Due Process Clause of the United States Constitution.
Id. (emphasis in original). See also, Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) (In action to domesticate foreign divorce judgment, California court could not exercise in personam jurisdiction over nonresident noncustodial parent who failed to pay support for child residing in California with custodial parent). The Garrett court distinguished cases which upheld jurisdiction under section 48.193(1)(e) where "the matrimonial domicile had been in Florida and one spouse continued to maintain residence in Florida after the parties separated," 668 So.2d at 994, and ruled that when the parties jointly abandoned Florida as their state of residence, they lost the "protection" of this long-arm jurisdiction provision. Id.
Further, section 48.193(2) cannot be a basis for establishing jurisdiction over the appellant here. This long-arm provision subjects to the jurisdiction of Florida courts a party "who is engaged in substantial and not isolated activity within this state ... whether or not the claim arises from that activity." § 48.193(2), Fla.Stat. (1995). Appellee argues that jurisdiction under this statute is created in the instant case based on the appellant's possession of a Florida driver's license and a Florida voter registration card until 1993. These limited past contacts, however, do not constitute "substantial and not isolated" activities within the state sufficient to subject appellant to long-arm jurisdiction under section 48.193(2). Compare, Durand v. Durand, 569 So.2d 838, 839 (Fla. 3d DCA 1990), rev. denied, 583 So.2d 1034 (Fla.1991).
We recognize that the limitations on longarm jurisdiction, represented by this case, Garrett, and Kulko, create serious and substantial difficulties for custodial parents who live in states that lack minimum contacts with the noncustodial parent and who seek to enforce or modify a child support order entered by a foreign court. Both courts[1] and commentators[2] have voiced their concern *197 that, given the transient and interstate nature of contemporary families, such limited child support jurisdiction is detrimental to many children. Those concerns should, however, be expressed to the legislature.[3]

Waiver of Lack of Personal Jurisdiction Defense
The former wife also argues that the former husband waived any objection to lack of personal jurisdiction by requesting in his motion to dismiss that the trial court "order the Former Wife to pay the Former Husband's attorney's fees and costs in prosecuting this motion." The former wife contends that this request seeks "affirmative relief and thereby waives any defense of lack of personal jurisdiction. Because we conclude that by seeking to recover his attorney's fees incurred in asserting his jurisdictional defense the former husband is not seeking "affirmative relief," we hold that no waiver has occurred.
It is well-established that
[i]f a party takes some step in proceedings which amounts to a submission to the court's jurisdiction, then it is deemed that the party waived his right to challenge the court's jurisdiction regardless of the party's intent not to concede jurisdiction [; but] [d]efensive actions taken by a party do not constitute requests for affirmative relief inconsistent with the party's initial defense of lack of jurisdiction.
Cumberland Software, Inc. v. Great American Mortgage Corp., 507 So.2d 794, 795 (Fla. 4th DCA 1987); see also, Kimbrough v. Rowe, 479 So.2d 867 (Fla. 5th DCA 1985). The issue presented here is whether the former husband's request for fees is a request for affirmative relief or is merely a defensive action. The parties have not cited, and we have not found, any decision in Florida case law addressing whether a request for attorney's fees incurred in the prosecution of a motion to dismiss for lack of personal jurisdiction constitutes a request for "affirmative relief which waives the objection to personal jurisdiction.
Courts in other jurisdictions have taken varied positions with respect to this issue. We are persuaded, however, by the reasoning of the Washington Supreme Court, which defines "affirmative relief" as "[r]elief for which defendant might maintain an action independently of plaintiff's claim and on which he might proceed to recovery, although plaintiff abandoned his cause of action or failed to establish it." Grange Insurance Assoc. v. State, 110 Wash.2d 752, 757 P.2d 933, 940 (en banc) (Wash.1988) (quoting, Black's Law Dictionary 56 (5th ed. 1979)). Applying this definition, the Grange Insurance court held that

*198 [a] motion for attorney's fees incurred in defending the plaintiff's suit, of course, is dependent on the plaintiff's claim; the defendant would have no right to attorney fees if the plaintiff had not brought his claim. Because [the defendant] was not seeking affirmative relief, its actions did not constitute a waiver of its arguments on the jurisdiction issue.
757 P.2d at 940-41; but see, e.g., In Re Marriage of Horst Adler, 271 Ill.App.3d 469, 208 Ill.Dec. 31, 648 N.E.2d 953 (1995).
Assuming a defendant could demonstrate entitlement to the recovery of fees under Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977), by the recovery of fees incurred in asserting the jurisdictional defense a defendant, such as the former husband here, would only be placed back in the status existing before the plaintiff sought to assert personal jurisdiction. Since the former husband's motion below only sought to recover the attorney's fees incurred in defending the former wife's claim,[4] we conclude that the request for fees was purely defensive in nature. Further, we believe that the rationale we adopt in the instant case is consistent with the Florida decisions which hold that no affirmative relief is sought, and hence no waiver occurs, by requesting a change of venue, Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d DCA 1981); moving to quash a deposition subpoena, Banco de Costa Rica v. Rodriguez, 573 So.2d 833 (Fla.1991); moving for a protective order, Oy v. Carnival Cruise Lines, Inc., 632 So.2d 724 (Fla. 3d DCA 1994); objecting to a codefendant's motion to share in the proceeds of a foreclosure sale, Parker v. George S. Heilpern Trust, 637 So.2d 295 (Fla. 4th DCA 1994); or filing an answer and compulsory counterclaim, Cumberland, supra, 507 So.2d at 795-796.
Accordingly, the order under review is REVERSED and the cause is REMANDED for entry of an order of dismissal.
BOOTH, J., concurs.
BENTON, J., concurs with written opinion.
BENTON, Judge, concurring.
I concur in the view that no waiver of the former husband's objection to personal jurisdiction took place here; and agree that the former wife's efforts to obtain personal jurisdiction were unavailing. Although the weight of authority supports the view that the former husband's request for attorney's fees is a request for "affirmative relief," his request should not be viewed as inconsistent with his well-taken objection.
The former husband duly objected to the jurisdiction the trial court asserted over his person, by raising this objection in his initial pleading, a motion to dismiss. See Banco de Costa Rica v. Rodriguez, 573 So.2d 833 (Fla. 1991); Fla.R.Civ.P. 1.140(b) ("Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: ... (2) lack of jurisdiction over the person...."). See also Gates Learjet Corp. v. Jensen, 743 F.2d 1325 (9th Cir.1984), cert. denied, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985). The issue is whether his request for attorney's fees, set out in the same pleading, waived the objection.
The request was for attorney's fees "incurred in defending the action filed by the Former Wife and in prosecuting this motion." The request for fees incurred "in defending the action" contemplates a finding that the trial court has jurisdiction over the defendant; otherwise there would be no need to defend. The request for fees incurred "in prosecuting this motion," assumes the opposite, however, because it assumes the success of the motion to dismiss.
Taking a position that is inconsistent with an objection to personal jurisdiction has been *199 deemed a waiver of the objection.[5] But a general appearance, if made after a timely objection to personal jurisdiction, does not necessarily waive the objection. So long as a defendant makes timely objection[6] to the court's exercise of in personam jurisdiction, merely participating in the trial or otherwise defending on the merits does not vitiate the objection. State ex rel. Eli Lilly and Co. v. Shields, 83 So.2d 271 (Fla.1955).
The majority opinion's premise that a defendant's request for affirmative relief, as opposed to a defense on the merits, inevitably waives an objection to jurisdiction over the defendant's person, is problematic. The majority concludes that a request for attorney's fees does not waive an objection to personal jurisdiction, on grounds that a motion for attorney's fees is "purely defensive action" and does not seek "affirmative relief," citing Grange Insurance Association v. State, 110 Wash.2d 752, 757 P.2d 933 (1988) (en banc), cert. denied, 490 U.S. 1004, 109 S.Ct. 1638, 104 L.Ed.2d 154 (1989). But the weight of authority supports the view that an award of attorney's fees does constitute affirmative relief.
Courts outside Washington State that have considered the question have concluded not only that a request for attorney's fees should be viewed as a request for affirmative relief, but also that a request for attorney's fees waives an objection to in personam jurisdiction. Associate Discount Corp. v. Haviland, 218 So.2d 59, 61-62 (La.Ct.App.1969) ("By asking for attorney's fees, the defendant did affirmatively invoke the jurisdiction of the court, and therefore ... made a general appearance, and subjected himself to the jurisdiction of the court...."); Forbess v. George Morgan Pontiac Co., 135 So.2d 594, 598 (La. Ct.App.1961) (holding that request for attorney's fees (and damages to attached property) in a motion to dissolve a writ of attachmentsaid to be "totally unnecessary to the inquiry of the jurisdiction""constitute[d] a submission by defendant to the exercise of jurisdiction over it personally by the court"); In re Marriage of Adler, 271 Ill.App.3d 469, 208 Ill.Dec. 31, 34, 648 N.E.2d 953, 956 (1995); Johnson v. Johnson, 233 Kan. 198, 662 P.2d 1178, 1182 (1983) (holding that a Texas court had personal jurisdiction over a Kansas resident who, after objecting to the Texas court's jurisdiction, filed a motion for attorney's fees). See Mid-City Inv. Co. v. Young, 238 So.2d 780, 784 (La.Ct.App.1970) (approving view that a pleading was an appearance because it requested attorney's fees).
Florida decisions have likewise characterized the award of attorney's fees as affirmative relief. See, e.g., River Road Constr. Co. v. Ring Power Corp., 454 So.2d 38, 41 (Fla. 1st DCA 1984) (holding that in absence of prayer for attorney's fees, trial court should have excluded a purported agreement to pay attorney's fees because "there is ample opportunity for the party seeking affirmative relief to plead his case ... in the body of the complaint"); Scheer v. Scheer, 132 So.2d 456, 457 (Fla. 3d DCA 1961) ("[H]er only request for affirmative relief was attorney fees."); Versen v. Versen, 347 So.2d 1047, 1048 (Fla. 4th DCA 1977) (defendant "sought no affirmative relief such as for alimony, special equity, attorney fees, or suit money").
Counterclaims also entail requests for affirmative relief.[7]See Krasnosky v. Krasnosky, 282 So.2d 186 (Fla. 1st DCA 1973). Even so, filing a compulsory counterclaim was held not to waive a jurisdictional objection *200 in Cumberland Software, Inc. v. Great Am. Mortgage Corp., 507 So.2d 794 (Fla. 4th DCA 1987). Accord Dragor Shipping Corp. v. Union Tank Car Co., 378 F.2d 241 (9th Cir.1967); Hasse v. American Photograph Corp., 299 F.2d 666 (10th Cir.1962). While the Cumberland Software opinion treated the counterclaim as "a defensive measure," certain federal cases[8] in which counterclaimfiling defendants disputed personal jurisdiction suggest another basis for concluding that the counterclaim does not waive the objection.
These cases view assertion of a counterclaim as contingent on a finding of personal jurisdiction over the defendant who filed the counterclaim. In Neifeld v. Steinberg, 438 F.2d 423, 431 n. 17 (3d Cir.1971), the court stated:
But even in the situation where the plaintiff has already filed a responsive pleading to the counterclaim, defendant's counterclaim can be treated as conditional, its assertion being hypothecated [sic] upon an adverse ruling on the defendant's jurisdictional defenses. Such treatment would certainly be consonant with a defendant's expectations. Furthermore, because the jurisdictional defenses can be heard and determined before trial on the application of any party (Rule 12(d)), the objection that the plaintiff will be unable to determine how to prepare his case is avoided, and neither party is forced to prepare for a trial that may never materialize.
(Citation omitted.) Accord Queen Noor, Inc. v. McGinn, 578 F.Supp. 218, 220 (S.D.Tex. 1984); Lomanco, Inc. v. Missouri Pacific R.R. Co., 566 F.Supp. 846, 851 (E.D.Ark. 1983). If understood as conditional, a counterclaim seeking affirmative relief is not inconsistent with a challenge to in personam jurisdiction over the counterclaimant.
Here, to the extent that the former husband requested fees incurred in defending on the merits, the request should also be understood as contingent, under the rationale of cases like Neifeld. Whether the request for attorney's fees can be said to seek "affirmative relief instead of taking "defensive action" is not the dispositive question. The pertinent inquiry is whether the request is inconsistent with the jurisdictional objection. To the extent that the former husband requested fees incurred in litigation of the jurisdictional question itself, his request was fully consistent with his position on the jurisdictional issue. Since neither aspect of the fee request was inconsistent with the objection to in personam jurisdiction, the former husband did not waive his objection to the lower court's assertion of personal jurisdiction over him. See Seward v. Seward, 145 Fla. 701, 200 So. 78 (1941).
NOTES
[1] See, e.g., Morris v. Morris, 672 So.2d 622, 624 (Fla. 1st DCA 1996) (Booth, J., concurring).
[2] See, Kathleen A. Burdette, Making Parents Pay: Interstate Child Support Enforcement After United States v. Lopez, 144 U.Pa.L.Rev. 1469 (1996); Carol S. Brunch, Statutory Reform of Constitutional Doctrine: Fitting International Shoe to Family Law, 28 U.C.Davis L.Rev. 1047, 1054-56 (1995); Monica J. Allen, Child-State Jurisdiction: A Due Process Invitation to Reconsider Some Basic Family Law Assumptions, 26 Fam.L.Q. 293 (1992).
[3] In Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), the Court expressly recognized the state's "substantial interests in protecting the welfare of its minor residents and in promoting to the fullest extent, possible a healthy and supportive family environment...." Id. 436 U.S. at 98, 98 S.Ct. at 1700. The Court also noted in dicta that "California has not attempted to assert any particularized interest in trying such cases in its courts by, e.g., enacting a special jurisdictional statute." Id. (citation omitted). Some commentators contend that these statements by the Court invite the state legislatures to declare the state's substantial interests in ensuring payment of support for children resident in the state as a basis to assert jurisdiction over a nonresident parent in advancement of those state interests. See, Brunch, supra n. 2, 28 U.C.Davis L.Rev. at 1052 and n. 24; Allen, supra n. 2, 26 Fam.L.Q. at 301-302. Professor Brunch also observes that in Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), the Court similarly pointed out that Delaware law had asserted no particularized interest in exercising personal jurisdiction over nonresident directors of Delaware corporations, id. 433 U.S. at 216 and n. 47, 97 S.Ct. at 2586 and n. 47, and that a post-Shaffer Delaware statute asserting such particularized interests and jurisdiction has been held by lower courts to provide a constitutionally acceptable assertion of jurisdiction over nonresident directors in actions alleging breach of the directors' fiduciary duty to their Delaware corporation. Brunch, supra n. 2, 28 U.C.Davis L.Rev. at n. 24; see, In re Mid-Atlantic Toyota Antitrust Litig., 525 F.Supp. 1265, 1271-1273 (D.Md.1981), modified, 541 F.Supp. 62 (D.Md.1981); Armstrong v. Pomerance, 423 A.2d 174 (Del.1980).
[4] In the instant case, appellant withdrew his request for attorney's fees, and, thus, there would have been no basis for an award to him. We find it unnecessary to reach the issue of whether a withdrawal of the request for attorneys' fees has any significance here. See, e.g., Neifeld v. Steinberg, 438 F.2d 423, 430-431 (3d Cir.1971). Such a question is academic given our holding that a request for attorney's fees incurred when asserting the defense of personal jurisdiction does not waive that defense.
[5] See Shurden v. Thomas, 134 So.2d 876, 878 (Fla. 1st DCA 1961) ("motion reveals an inconsistent claim by [defendant in one suit] in that she has submitted herself to the Court's jurisdiction by her own actions by filing [another] suit [on the same subject] as plaintiff, while at the same time ... questioning the jurisdiction of the Court [to entertain the first suit]"); see also Hubbard v. Cazares, 413 So.2d 1192, 1193 (Fla. 2d DCA 1981) ("request for affirmative relief ... constitutes a waiver of the jurisdictional challenge"), review denied, 417 So.2d 329 (Fla.1982). But see Logan v. Mora, 555 So.2d 1267 (Fla. 3d DCA 1989); Scarso v. Scarso, 488 So.2d 549, 550 (Fla. 4th DCA 1986) ("Once asserted, the objection based upon lack of jurisdiction over the person is preserved for all purposes and is not waived because affirmative relief is sought.")
[6] Without timely objection, the rule is clear, a general appearance waives a claim of lack of personal jurisdiction. Logan v. Mora, 555 So.2d 1267 (Fla. 3d DCA 1989).
[7] In Florida, other action said to constitute requests for affirmative relief and held to be inconsistent with an objection to jurisdiction include: filing a stipulation on the merits, Grand Couloir Corp. v. Consolidated Bank, N.A., 596 So.2d 697 (Fla. 2d DCA 1992); filing a stipulation for settlement, Woods v. Luby Chevrolet, Inc., 402 So.2d 1316 (Fla. 4th DCA 1981), review denied, 412 So.2d 467 (Fla.1982); and filing a motion for change of venue. Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d DCA 1981); Alsup v. Your Graphics Are Showing, Inc., 531 So.2d 222 (Fla. 2d DCA 1988). Contra Dimino v. Farina, 572 So.2d 552 (Fla. 4th DCA 1990). Logically, a motion for change of venue might be seen as a defensive maneuver, rather than as a request for affirmative relief.

Other requests said to be for affirmative relief have been held not to be inconsistent with an objection to personal jurisdiction and not to waive the objection. Such requests include: filing a motion to enlarge time, Barrios v. Sunshine State Bank, 456 So.2d 590 (Fla. 3d DCA 1984); filing a motion to stay litigation pending appeal, Permenter v. Feurtado, 541 So.2d 1331 (Fla. 3d DCA 1989); filing a motion for continuance, Orange Motors of Coral Gables, Inc. v. Rueben H. Donnelley Corp., 415 So.2d 892 (Fla. 3d DCA 1982); and filing a motion to dissolve notice of lis pendens and to increase the amount of a temporary injunction bond. Green v. Roth, 192 So.2d 537 (Fla. 2d DCA 1966). These procedural motions are perhaps better viewed as simply defending on the merits rather than as requests for affirmative relief.
[8] Federal courts have held on various grounds that counterclaims do not waive an objection to the court's jurisdiction over the counterclaimant's person, even though they seek affirmative relief. Dragor Shipping Corp. v. Union Tank Car Co., 378 F.2d 241 (9th Cir.1967); Hasse v. American Photograph Corp., 299 F.2d 666 (10th Cir. 1962); Hunt v. BP Exploration Co., Ltd., 492 F.Supp. 885 (N.D.Tex.1980); Bayou Steel Corp. v. M/V Amstelvoorn, 809 F.2d 1147 (5th Cir.1987) (third party defendant); Chase v. Pan-Pacific Broadcasting, Inc., 750 F.2d 131 (D.C.Cir.1984); Gates Learjet Corp. v. Jensen, 743 F.2d 1325 (9th Cir.1984), cert. denied, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985).