386 So.2d 862 (1980)
John Edward SOULE, Appellant,
v.
Adelia ROSASCO-SOULE, Appellee.
No. PP-342.
District Court of Appeal of Florida, First District.
August 14, 1980.
*863 Thomas E. Wheeler of Fisher, Bell, Hahn, Winn & Ptomey, P.A., Pensacola, for appellant.
W.H.F. Wiltshire and Richard L. Pearse, Jr., of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellee.
MILLS, Chief Judge.
John Edward Soule appeals from the denial of his motion to dismiss for lack of personal jurisdiction. We reverse.
Soule and his wife, Adelia Rosasco-Soule, lived in Florida during their marriage from 1934 to 1938 while he was on military duty. When the parties separated in 1971, they were residents of Virginia. Rosasco-Soule returned to Escambia County, Florida, and has lived there since.
She filed a petition for determination of rights of parties unconnected with dissolution, asking the court to determine the rights, duties, and obligations of the parties, including an award of alimony, an equitable distribution of the property between the parties, payment of attorney's fees and costs, and other relief.
Soule, a resident of Virginia, was served by the Sheriff of Fairfax County, Virginia. He filed a motion to dismiss on the ground that the trial court lacked jurisdiction over his person. The trial court denied the motion.
Section 48.193(1)(e), Florida Statutes (1977), the long arm statute, provides for personal jurisdiction when:
[w]ith respect to proceedings for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, [the defendant] maintains a matrimonial domicile in this state at the time of commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not.
Also relevant to the determination of personal jurisdiction in this case is Section 48.193(3), Florida Statutes (1977), which provides in pertinent part: "[o]nly causes of action arising from acts or omissions enumerated in this section may be asserted against the defendant in an action in which jurisdiction over him is based upon this section... ."
Soule urges that a reading of the above subsections in pari materia establishes that only causes of action which arise from the acts or omissions occurring in Florida may be asserted under Chapter 48. We agree. Rosasco-Soule's reading of subsection (1)(e) to require only that the defendant has resided in Florida at some time prior to the commencement of this action fails to note the requirement of subsection (3) that that residency is sufficient to give this state personal jurisdiction only if the cause of action arises from that residency. There is nothing in the allegations of the complaint in this case that indicates that there were any acts or omissions arising out of the Florida residency on which the action of Rosasco-Soule is based. For instance, if Soule had ceased to provide support for his wife while he was residing in the state, an action for separate maintenance could arise out of his acts or omissions while a resident and the courts of this state would have personal jurisdiction.
REVERSED and REMANDED for proceedings consistent with this opinion.
LARRY G. SMITH and SHIVERS, JJ., concur.