491 So.2d 284 (1986)
Emir SHAMMAY, Appellant,
v.
Terry SHAMMAY, Appellee.
No. 86-206.
District Court of Appeal of Florida, Third District.
May 27, 1986.
On Motion for Clarification July 15, 1986.
*285 Whitman, Wolfe, Gross & Schaffel and Donald P. Marder, Miami, for appellant.
Alan J. Kluger, Miami, for appellee.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
Among the points raised in this appeal, Emir Shammay contends that the lower court erred in denying his motion to dismiss for lack of jurisdiction because Terry Shammay failed to demonstrate any grounds upon which Florida may exercise long-arm jurisdiction. We agree and reverse the order appealed.
Emir, an Israeli citizen who later gained U.S. citizenship, married Terry in Florida on August 23, 1973. After residing in Florida for one year, the couple moved out of state. On September 29, 1976, the couple's first daughter, Michal, was born. During the summer of 1977, the parties moved to Israel together with their daughter. In August 1978, the parties moved back to Florida for eight months, returning to Israel in April 1979. Subsequently, the couple had two additional daughters in Israel; Tamar, on October 21, 1979, and Jasmin, on May 17, 1982. Together, the parties purchased and resided in a home, operated a business and raised their children in Israel until 1984. From 1979 to 1984, the couple sought opportunities for work during numerous vacations to Florida. In February 1984, the wife left with the three daughters and moved back to Florida. Thereafter, she filed this action for dissolution of marriage and a determination of rights in Florida.
When this case was first before this court, we reversed an order denying a motion to dismiss for failure to allege any statutory basis authorizing service on a nonresident defendant pursuant to Florida Rule of Civil Procedure 1.070(i). Shammay v. Shammay, 467 So.2d 1040 (Fla. 3d DCA 1985). The amended complaint now alleges, as a basis for long-arm jurisdiction, that the defendant resided in this state preceding the commencement of the action.
It is Terry's contention that the undisputed conduct of the parties satisfies, with respect to Emir, the jurisdictional requirements of Florida's long-arm statute. Section 48.193(1)(e), Florida Statutes (1983) states in pertinent part:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
... .
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage. (Emphasis added)
Section 48.193(1)(e) requires that the defendant in a dissolution action reside in this state preceding the commencement of that action. We construe this section as meaning that the defendant's residency in this state must proximately precede the commencement of an action. See Squitieri v. Squitieri, 196 N.J. Super. 76, 481 A.2d 585 (N.J.Super.Ct.Ch.Div. 1984); cf. Gillman v. Gillman, 413 So.2d 412 (Fla. 4th DCA 1982) (interpreting section 61.021, Florida Statutes (1971) as requiring the party filing dissolution to have resided in Florida six months next preceding the filing). Proximity is to be determined in light of the totality of the circumstances.
"Residence for purposes of dissolution of marriage means an actual presence in Florida coupled with an intention at that time *286 to make Florida the residence." Gillman, 413 So.2d at 413. Emir was a resident under this definition in 1973 for one year and again in 1978 for eight months. However, this evidence only serves to reinforce Emir's contention that although the couple hoped to reside in Florida again some day, their permanent residence was Israel, the place to which they always returned. None of the parties' children were born in Florida and only one was raised in this state (and even that was for but a brief eight months). The parties bought a home together in Israel, and Emir has been running a business there since the couple began residing in Israel. Though Emir candidly conceded that he resided in Florida for eight months, five and one-half years ago, he and his wife were entirely free to change their residence, as indeed their conduct indicates they had. See Khouri v. Khouri, 444 So.2d 69 (Fla. 4th DCA 1984); Squitieri, 481 A.2d at 590.
The facts offered by Terry fail to establish Emir's residency in Florida preceding the commencement of this action. Therefore, this petition seeking dissolution of marriage and a determination of rights should have been dismissed for lack of personal jurisdiction over Emir.[1]See Soule v. Rosasco-Soule, 386 So.2d 862, 863 (Fla. 1st DCA 1980) (the mere fact that defendant resided in Florida sometime prior to the commencement of action is not sufficient to invoke jurisdiction under Florida's long-arm statute).
Reversed.
Before HUBBART, NESBITT and PEARSON, DANIEL S., JJ.

On Motion for Clarification
PER CURIAM.
Terry Shammay's request for clarification of our holding that her petition be dismissed for lack of personal jurisdiction is granted. This dismissal does not bear upon a dissolution of marriage proceeding, pursuant to section 61.052, Florida Statutes (1985), nor a proceeding under the Uniform Child Custody Jurisdiction Act, pursuant to section 61.1308, Florida Statutes (1985), for which proper service of process was made. The fact that such proceedings result from the bifurcation of the present action is of no consequence. See Arnstein v. Arnstein, 422 So.2d 1052 (Fla. 4th DCA 1982).
NOTES
[1] This dismissal is without prejudice to Terry filing a petition strictly for dissolution of marriage pursuant to section 61.052, Florida Statutes (1985). See Orlowitz v. Orlowitz, 208 So.2d 849 (Fla. 3d DCA 1967) (domicile of plaintiff is sufficient basis for jurisdiction in an action for dissolution of marriage).