PER CURIAM.
The wife, a resident of Louisiana, filed this action to domesticate a foreign judgment pursuant to section 55.501, Florida Statutes (1987) after she and the children of the marriage had become domiciliaries of Florida. The former husband remained in Louisiana. The wife’s complaint did not allege that the husband was personally amenable to jurisdiction under section 48.-193(l)(e), Florida Statutes (1987). The husband was personally served and had actual notice of the action in Louisiana. Eventually, the wife procured a default because of the husband’s failure to file a responsive pleading. Twelve days after default, the husband filed a motion to set aside the default as well as a motion to dismiss the action for want of in personam jurisdiction. Before these motions were heard and determined, final judgment consequent upon the default and for the amount of alimony and child support arrearage was entered by the trial court. Three weeks thereafter, the husband filed a further motion for rehearing. The trial court denied the motion for rehearing. The husband appeals. We reverse.
First, it was plainly error to deny the motion for rehearing because the final judgment consequent upon the default should not have been entered where the motions to vacate the default and to dismiss for want of in personam jurisdiction were pending. See Pennebaker v. Jefferson Parish, 383 So.2d 484 (La.Ct.App.1980). Second, had the court heard and determined the motion to dismiss for want of in personam jurisdiction, it could only have properly concluded under Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978) that insufficient connection existed' between the husband and Florida to make it fair to require the husband’s defense of this action in Florida. See Laney v. Laney, 487 So.2d 1109 (Fla. 1st DCA 1986); Overcash v. Overcash, 466 So.2d 1261 (Fla. 2d DCA 1985); Gioia v. Gioia, 435 So.2d 367 (Fla. 4th DCA 1983).
For the foregoing reasons, the final judgment appealed is reversed with directions to grant the husband’s motion to dismiss for want of in personam jurisdiction.