569 So.2d 838 (1990)
Pedro J. DURAND, Appellant,
v.
Angela W. DURAND, Appellee.
No. 90-494.
District Court of Appeal of Florida, Third District.
November 6, 1990.
Pedro J. Durand, in pro. per.
John R. Sutton and Teddy L. Montoto, Miami, for appellee.
Before JORGENSON, COPE and GODERICH, JJ.
PER CURIAM.
The former husband, Pedro Durand, appeals an adverse final judgment in favor of his former wife, Angela Durand. We affirm in part and reverse in part.
The former wife brought an action in which she requested, among other things, child support for two minor children born of the marriage, certain relief with respect to Miami, Florida, real estate owned jointly by the parties, and other equitable relief. The husband, an attorney, filed what he denominated a special appearance contesting in personam jurisdiction. His principal contention on this appeal is that the action should have been dismissed on that basis. We disagree.
On this record it appears that there were at least two bases for the assertion of long-arm jurisdiction over the husband. First, the parties owned real estate located in Miami, Florida and the suit sought relief with respect to that property. Jurisdiction thus existed based on paragraph 48.193(1)(c), Florida Statutes (1989).
Second, the wife sought child support for two minor children born of the marriage. The husband contends that paragraph 48.193(1)(e), Florida Statutes (1989) was unavailable to the wife as a jurisdictional basis because, according to the husband, he did not reside in Florida immediately prior to the commencement of the instant action. While the wife disputed the husband's factual assertions on this point, the husband's position is without merit even if the husband's factual position is taken as true. See generally Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502-03 (Fla. 1989).
Accepting the husband's version of the facts as true, the parties and their five children resided in Miami for several years beginning in the late 1970's. According to the husband, he and the wife separated during that period of time. The husband contends that he changed his residence to the State of Virginia in 1983. The wife and children at all times continued to reside in *839 Miami, in a home jointly owned by the husband and wife.
The husband contends that the second clause of paragraph 48.193(1)(e) is available to the wife only if he resided in Florida immediately prior to the filing of the action. Since the husband contends that he had officially changed his residence several years prior to the filing of the instant action, he argues that this portion of the long-arm statute was unavailable to the wife. That is incorrect.
This court has held that for purposes of this subsection, "the defendant's residency in this state must proximately proceed the commencement of an action." Shammay v. Shammay, 491 So.2d 284, 285 (Fla. 3d DCA 1986) (citations omitted). The Shammay opinion goes on to say, however, that "[p]roximity is to be determined in light of the totality of the circumstances." Id. While by the husband's account, he had resided elsewhere for several years prior to the commencement of the action, it is also true that the wife and minor children continue to reside in this jurisdiction, in a residence jointly owned by the parties. It also appears on this record that the husband made voluntary payments for the support of the family for at least some portions of that period of time. Again accepting the husband's factual assertions as true, it appears that the parties resided together in this jurisdiction for approximately three to five years prior to the husband's asserted change of residence in 1983. The circumstances present here differ substantially from those involved in Shammay, and we conclude that the statutory test for jurisdiction has been met. In light of the circumstances just set forth, and the terms of subsection 48.193(2), Florida Statutes (1989), the trial court had in personam jurisdiction of the husband for all purposes in the lawsuit below, and sufficient contacts exist with this jurisdiction to satisfy the minimum contacts test of International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 101-02 (1945); see also Kulko v. Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).[*]
The husband next contends that the trial court erred by setting the case for trial without disposing of the motion to dismiss. As that should not have been done, see Girau v. Girau, 544 So.2d 1117 (Fla. 3d DCA 1989), we reverse the final judgment and remand with directions to deny the motion to dismiss and reschedule the matter for trial in accordance with Rule 1.440, Florida Rules of Civil Procedure. In order to assure that there be no interruption of needed support, the periodic payments required by the final judgment will be treated as a temporary support award, which the trial court may in its discretion adjust upon proper request of either party.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[*] The husband also asserts that service of process should have been quashed owing to a claimed formal defect in the return of service. The point was not raised by the husband's motion below and is not properly preserved for purposes of appeal.