622 So.2d 1355 (1993)
Walter P. BOFONCHIK, Appellant,
v.
Molly Lynn SMITH, Appellee.
No. 92-4223.
District Court of Appeal of Florida, First District.
August 18, 1993.
*1356 Keith A. McIver, Pensacola, for appellant.
Timothy I. Meade of Day, Meade & Burke, Ft. Walton Beach, for appellee.
ERVIN, Judge.
The issue in this case is whether the lower court lawfully acquired personal jurisdiction over appellant under Florida's long-arm statute, Section 48.193(1)(e), Florida Statutes (1991). Appellant, Walter P. Bofonchik, contends that the trial court erred by denying his motion to dismiss for lack of personal jurisdiction in regard to his former wife's action to establish a foreign decree and to modify child support. We agree with appellant's contention and, therefore, reverse and remand with directions that the action be dismissed.
The parties were married on March 22, 1976 in Toledo, Ohio, and divorced on September 28, 1981 in Licking County, Ohio. They have two minor children and have lived separately since the divorce. After the divorce, the former wife moved to Georgia. The parties are currently bound by a stipulated custody, visitation, and support order of the Superior Court of Gordon County, Georgia, dated September 20, 1982, and a subsequent order from that court dated October 4, 1984.
Appellant is a sergeant in the United States Air Force. He was stationed at Eglin Air Force Base, Okaloosa County, Florida, from November 1984 until December 1986, when he was transferred to Japan. While appellant lived in Okaloosa County, he corresponded with the former wife and their children in Georgia from his address in Florida, made support payments to the children, and also visited them in Georgia. Appellant also maintained in Florida, and continues to maintain, a personal checking account with the Eglin Federal Credit Union.[1] The former wife moved with the children to Florida in January 1989, after appellant's departure therefrom. Appellant was served, pursuant to section 48.193(1)(e)[2], while stationed in Nevada, but he currently resides in New Mexico.
In denying appellant's motion to dismiss, the trial court found that the modification petition was an "independent action for *1357 support of dependents" within the meaning of section 48.193(1)(e), and that the former husband's residence in Florida from 1984-86 provided the court with a legal basis for exercising in personam jurisdiction under the statute. Without deciding whether the former wife's action constitutes an independent action for support of dependents, we conclude that appellant's residence in Florida from 1984-86 and his contacts with this state constitute an insufficient basis to justify the lower court's exercise of in personam jurisdiction over him.
In contending that his residence in Florida from 1984-86 did not provide a sufficient legal foundation to confer personal jurisdiction, appellant relies on Shammay v. Shammay, 491 So.2d 284 (Fla.3d DCA 1986), wherein the husband, an Israeli citizen who obtained United States citizenship, married the wife in Florida during 1973, and the parties lived in Florida for approximately one year thereafter. The couple then moved to Israel and remained there for all but eight months during 1977-78, when they again moved and briefly resided in Florida. The wife left Israel in 1984, moved to Florida, and sued for divorce and determination of rights in Florida. She sought to establish personal jurisdiction over the husband under section 48.193(1)(e). In determining that the trial court did not acquire personal jurisdiction, the Third District stated that section 48.193(1)(e) requires the defendant's residence to proximately precede commencement of the action, and that proximity is to be determined in light of the totality of the circumstances. Because the facts established by the wife failed to show that the husband's residence in Florida proximately preceded the commencement of the action, the trial court lacked jurisdiction.
In contrast to the facts in Shammay, the necessary proximity was found to exist in Durand v. Durand, 569 So.2d 838 (Fla. 3d DCA 1990), review denied, 583 So.2d 1034 (Fla. 1991). There, the husband and wife and their five children lived in a jointly owned residence in Miami for several years during the late 1970s. The husband moved to Virginia in 1983, while the wife and children continued to reside in the marital home; however, the husband made some voluntary support payments to the wife in Florida. When the wife brought an action in 1989 for child support in Florida, the husband contested the exercise of personal jurisdiction pursuant to section 48.193(1)(e), because he did not reside in Florida immediately prior to the commencement of the action. Based upon these facts, the Third District found the case to be distinguishable from Shammay and, under the totality of the circumstances, concluded that the trial court had acquired in personam jurisdiction over the husband for the purpose of the lawsuit under section 48.193(1)(e).
We find this case more in line with Shammay than Durand. The parties here were married and divorced in Ohio. The decree was modified while the former wife and children lived in Georgia. Unlike the situation existing in Durand, the parties at bar never cohabited in Florida, nor, for that matter, ever lived in Florida at the same time. The former wife first moved to Florida in 1989, three years following the former husband's relocation from the state. The former husband has lived in four states and two countries since the divorce and currently resides in New Mexico. He was in Florida from 1984-86 while on tour of duty with the military;[3] his only acts pertaining to the children during his residence in Florida were payment of child support and correspondence from Florida, and occasional trips from Florida to visit the children in Georgia. Based on the totality of the circumstances, we conclude that appellant's residence in Florida during 1984-86 lacks the necessary proximity and/or connexity to the former wife's cause of action to justify a finding of personal jurisdiction under section 48.193(1)(e). Shammay.
*1358 We also conclude that the lower court's exercise of personal jurisdiction over the former husband violates certain due process principles discussed in Kulko v. Superior Court of California, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978). In Kulko, the parties, although married during a three-day stopover in California while the husband was in the military, lived in New York where their two children were born. The parties separated, and the mother moved to California; the children stayed with the father in New York. The wife obtained a Haitian divorce. Subsequently, the parties' son and daughter, with the father's consent, moved to live with their mother in California. The mother thereafter sought to establish the Haitian divorce as a California judgment and to increase the child support payments in conformance with the separation agreement which was incorporated in the divorce decree. The father protested, claiming California had no personal jurisdiction over him, because he had never resided there, and he had insufficient minimum contacts with the state for the court to exercise in personam jurisdiction over him. The United States Supreme Court agreed, concluding that the exercise of jurisdiction over the father violated the due process clause, even though he had agreed to allow his children to live in California. The Court noted that the unilateral activity of those who claimed some relationship with the nonresident defendant could not satisfy the requirement of minimum contacts with the forum state, because it was essential that the defendant purposefully avail himself of the benefits and protection of California law. Id. at 93-94, 98 S.Ct. at 1698, 56 L.Ed.2d at 142.
In the instant case, the former husband was transferred to Florida through his military service; thus, it is obvious that he did not, of his own volition, avail himself of the benefits and protection of Florida law. Moreover, his residence in Florida was not connected with the marital relationship; the parties were already divorced when he moved to Florida. His only connection with Florida was that, while a resident of this state, he corresponded with and made support payments to the former wife and children who were then located in another state. We hold that such minimal contacts preclude the exercise of in personam jurisdiction over him. Kulko.
REVERSED and REMANDED with directions that appellant's motion to dismiss be granted.
MINER, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Nothing in the record, however, shows whether appellant made any support payments to the children from this checking account.
[2] Section 48.193(1)(e) provides as follows:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
* * *
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not... .
[3] It is well established that movement with the military does not necessarily affect the service member's or spouse's choice of residence. Compare Eckel v. Eckel, 522 So.2d 1018 (Fla. 1st DCA 1988) (service members can be residents of state even though absent from the jurisdiction due to tour of duty).