652 So.2d 378 (1994)
Larry Allen GARRETT, Appellant,
v.
Nancy Gale GARRETT, Appellee.
No. 94-1047.
District Court of Appeal of Florida, First District.
December 1, 1994.
Opinion Denying Rehearing and Certifying Question March 6, 1995.
Gary A. Benson, Jacksonville, for appellant.
Nancy N. Nowlis, Jacksonville, for appellee.
WOLF, Judge.
The issue in this case is whether the trial court lawfully acquired personal jurisdiction over appellant pursuant to Florida's long arm statute, section 48.193, Florida Statutes (1993). We find that the criteria of the statute were not met, and that the trial court could not properly exercise personal jurisdiction and adjudicate the issues of child support, alimony, and equitable distribution of property.[1]
The parties were married in Florida and lived in Florida from 1974 to 1986. The parties owned property in Florida during that time. They had a minor child born in Jacksonville in 1978. The husband was also born and raised in Jacksonville, Florida. The parties lived in Jacksonville until 1986 when they moved to Texas. In July 1991, the parties separated. The wife/appellee returned to Florida in 1992, where she presently resides with one of the parties' children. The husband has extended family that continues to live in Jacksonville; the husband periodically comes to Jacksonville for family visits and business trips. On November 17, 1993, the wife petitioned for dissolution of marriage in Florida. The husband, now a resident of Indiana, was personally served in Indiana with the petition for dissolution of marriage. The husband responded by filing a motion to dismiss for lack of jurisdiction and to quash service of process, asserting that the jurisdictional basis alleged by the wife was insufficient to confer personal jurisdiction over the husband in Florida. The lower court denied the husband's motion to dismiss and to quash service, determining that Florida has personal jurisdiction over the husband. That order is being appealed here.
*379 The applicable statutory provision, section 48.193(1)(e), provides as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
... .
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in the state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
In Shammay v. Shammay, 491 So.2d 284 (Fla. 3d DCA 1986), the court interpreted this section as follows:
We construe this section to mean that the defendant's residency in this state must proximately precede the commencement of the action.
Id. at 285.
Long-arm jurisdiction may be exercised only if the cause of action is based on conduct or omissions of the nonresident respondent that arose out of the residency in Florida; if the residency was sufficiently connected to the cause of action, based on the totality of the circumstances; or if the residency proximately preceded the commencement of the action.
Brenda M. Abrams, Florida Family Law § 51.30, at 51-25 (1994) (footnotes omitted).
In Soule v. Rosacco-Soule, 386 So.2d 862 (Fla. 1st DCA 1980), and Bofonchik v. Smith, 622 So.2d 1355 (Fla. 1st DCA 1993), this court adopted the proximity requirement announced in Shammay, supra, and rejected the position that merely because a defendant resided in Florida sometime prior to the commencement of the action, personal jurisdiction could be invoked under Florida's long arm statute.
In Bofonchik, supra, this court found that appellant's residence in Florida from 1984 to 1986 was insufficient to support personal jurisdiction in his wife's action for child support filed in 1989.
Appellee argues, however, that the determination of proximity is not merely a temporal determination, but must be "determined in light of the totality of the circumstances." Shammay, supra at 285. In Durand v. Durand, 569 So.2d 838 (Fla. 3d DCA 1990), rev. denied, 583 So.2d 1034 (Fla. 1991), the court found long arm jurisdiction over the husband who had not resided in the state for some six years prior to the commencement of the action. The third district based its determination on the totality of the circumstances, which included the fact that the marital home remained in Florida, the breakup of the relationship occurred in Florida, the wife and children continued to reside in Florida after the breakup of the marriage, and the parties continued to have joint ownership of realty in Florida. We find, however, that the facts in this case are substantially different from the facts in Durand.
In the instant case, both parties voluntarily left Florida to set up their marital residence in Texas, no real property was jointly owned in Florida, and the parties resided together in Texas for over five years prior to the separation which led to the breakup of the marriage.
On the totality of the circumstances in this case, we conclude that there was insufficient proximity or connection to support a finding of personal jurisdiction pursuant to section 48.193(1)(e), Florida Statutes. We, therefore, vacate the trial court's order and remand for further proceedings consistent with this opinion.
JOANOS, J., concurs.
BENTON, J., dissenting with written opinion.
*380 BENTON, Judge, dissenting.
Our jurisdiction to review this non-final order has been invoked because the trial court determined it had jurisdiction over the person of the husband and father who brings the appeal. Fla.R.App.P. 9.130(a)(3)(C)(i). At this juncture, the allegations of the petition filed by the wife and mother must be taken as true. (The allegations were never traversed, and seem to have been accepted as true by the husband's counsel, in a colloquy with the trial judge.) On the facts alleged, I cannot agree that the trial court's corrected order denying motion to dismiss and to quash service should be overturned.
The petition, which seeks dissolution of the marriage, an order making the wife primary residential custodian of the minor child, child support, alimony, equitable division of marital assets, and other relief, alleges:
The Wife has been a resident of the State of Florida for more than six months before filing this Petition... . The parties were married on November 23, 1974 in Jacksonville, Florida. The parties' daughter, AMY REBECCA GARRETT, was born in Jacksonville, Florida in 1978, and the parties lived continuously in Jacksonville from the time they were married until June of 1986. The Husband was born and raised in Jacksonville and his extended family continues to live here. While the parties lived in Jacksonville from 1974 through 1986, they did own real estate together in Jacksonville. The Husband periodically comes to Jacksonville to visit the children and he has business trips in Florida.
Filed with the petition was an affidavit the wife had executed alluding to litigation in Texas and reporting its dismissal. At the hearing on the motion, the husband's counsel conceded that "there is no pending action in Texas."
"With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage," § 48.193(1)(e), Fla. Stat. (1993), the Legislature has conferred jurisdiction so long as "the defendant resided in the state preceding the commencement of the action." § 48.193(1)(e), Fla. Stat. (1993). When personal service has been accomplished, as is the case here, the only limitation on this expansive grant of jurisdiction is that the husband have sufficient "minimum contacts" with Florida so that requiring him to defend does not deprive him of "substantive due process." See Kulko v. California Superior Court, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).
It is in this light that the cases on which the majority relies should be read. In Bofonchik v. Smith, 622 So.2d 1355 (Fla. 1st DCA 1993), both the marriage and the divorce took place in Ohio and the parties never lived together in Florida. While the parties in Soule v. Rosasco-Soule, 386 So.2d 862 (Fla. 1st DCA 1980) had lived together in Florida (while he was on military duty), they left the state in 1938, and did not separate until 1971, when they were residents of Virginia. These marriages had little or no connection to Florida.
Although the facts in Shammay v. Shammay, 491 So.2d 284 (Fla. 3d DCA 1986) are closer to those of the present case, they are still significantly different: "None of the parties' children were born in Florida and only one was raised in this state (and even that was for a brief eight months)." Shammay, 491 So.2d at 286. The wife left her husband in Israel, moved to Florida, and brought suit here, instead of in Israel where he continued to reside. The Shammay court's construction of the statute to require the husband's "proximate residence" in Florida explicitly required that proximity "be determined in light of the totality of the circumstances." Shammay, 491 So.2d at 285.
Recently the same court found that a husband's assumed six- or seven-year absence from Florida did not defeat a Florida court's jurisdiction over him for purposes of awarding support, alimony, and property division. Durand v. Durand, 569 So.2d 838 (Fla. 3d DCA 1990), review denied 583 So.2d 1034 (Fla. 1991). This suggests that the Shammay court's "totality of the circumstances" test has more to do with the nexus substantive due process requires than with any temporal proximity.
The "totality of the circumstances" in the present case includes periodic visits to Florida *381 by the husband. See Binger v. Binger, 555 So.2d 373 (Fla. 1st DCA 1989), review denied 560 So.2d 232 (Fla. 1990). On these visits, the husband enjoys the protection of Florida's laws no less than the jobbers and drummers in the state tax cases enjoyed the protection of the laws of the states involved there. See generally Ouill Corp. v. North Dakota by and through Heitkamp, 504 U.S. 298, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992).
This is not a case where the out-of-state spouse never resided in Florida, see McCabe v. McCabe, 600 So.2d 1181 (Fla. 5th DCA 1992), or where jurisdiction is predicated on a party's "glancing presence in the State some 13 years before the events that led to this controversy." Kulko, 436 U.S. at 92-93, 98 S.Ct. at 1697. It hardly offends "traditional notions of fair play and substantial justice," Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940), to require the husband to litigate in Florida, which we are obliged to assume he is visiting in any event.
I would not deny this Florida mother a Florida forum in which to litigate her rights and those of her Florida-born child upon the dissolution of a Florida marriage which did not survive transplantation to Texas, especially given the husband's recent visits to Florida. I respectfully dissent.

ON MOTION FOR REHEARING EN BANC AND SUGGESTION FOR CERTIFICATION
WOLF, Judge.
On rehearing, appellee suggests in determining the court's jurisdiction that we overlooked the fact that the appellant was voluntarily paying child support to the appellee in Florida, and that the appellant continues to visit his family in Florida. In vacating the appealed order, we did not overlook any factor in the record which could weigh in favor of in personam jurisdiction over the former husband/appellant. We, therefore, deny rehearing and reaffirm our reasoning in the original opinion, but certify a question of great public importance to the supreme court.
We believe that it would be against public policy to find that Florida has personal jurisdiction over a father based mainly on contacts with the state as a result of paying child support and exercising visitation rights. Parents should not be faced with the possibility that they will be subjecting themselves to the jurisdiction of the court by making payments in or exercising prior visitation in the state where the former spouse chooses to reside. These are responsibilities of a parent which should not be discouraged. In addition, these responsibilities are continuing obligations which must be met wherever the spouse who has custody chooses to reside. Support payments and visitation, therefore, cannot be considered to be voluntary contacts with the state which would support personal jurisdiction.
The appellee's motion for certification of a question of great public importance is granted. The supreme court has not specifically addressed the pertinent language in section 48.193(1), Florida Statutes, which reads as follows:
Any person, whether or not a citizen or resident of this state, who personally or who through an agent does any of the acts enumerated in this subsection thereby submits himself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
... .
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents ... if the defendant resided in this state preceding the commencement of the action, whether cohabitating during that time or not.
(Emphasis added). It is unclear what amount of time may pass between the respondent's residence in the state and the filing of the action where jurisdiction is claimed. We, therefore, certify the following question to be of great public importance:
WHEN MAY A RESPONDENT'S PRIOR RESIDENCE IN FLORIDA BE SUFFICIENT TO CREATE PERSONAL *382 JURISDICTION IN AN ACTION CONCERNING ALIMONY, CHILD SUPPORT, OR DIVISION OF PROPERTY?
JOANOS, J., concurs.
BENTON, J., concurs in certification.
NOTES
[1] The appeal does not address the issue of whether the trial court may proceed to hear the child custody issue pursuant to § 61.132, Fla. Stat., as this issue was not raised by the parties.