668 So.2d 991 (1996)
Nancy Gale GARRETT, Petitioner,
v.
Larry Allen GARRETT, Respondent.
No. 85384.
Supreme Court of Florida.
February 29, 1996.
*992 Nancy N. Nowlis, Jacksonville, for Petitioner.
Gary A. Benson, Jacksonville, for Respondent.
HARDING, Justice.
We have for review a district court decision certifying the following question to be of great public importance:
WHEN MAY A RESPONDENT'S PRIOR RESIDENCE IN FLORIDA BE SUFFICIENT TO CREATE PERSONAL JURISDICTION IN AN ACTION CONCERNING ALIMONY, CHILD SUPPORT OR DIVISION OF PROPERTY?
Garrett v. Garrett, 652 So.2d 378, 381 (Fla. 1st DCA, 1994). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We reword the question to address only the circumstances presented in this case:
WHEN A MARRIED COUPLE RESIDING IN FLORIDA MOVES TO ANOTHER STATE, MAY ONE SPOUSE, AFTER SEPARATION, SUBSEQUENTLY RETURN TO FLORIDA AND OBTAIN PERSONAL JURISDICTION OVER THE OTHER SPOUSE BASED ON THE "PRIOR RESIDENCE" SECTION OF FLORIDA'S LONG ARM STATUTE?
We answer the question in the negative and approve the decision of the court below.
The Garretts were married in Florida in 1974; they had a daughter here in 1978. In 1986, they moved to Texas and lived there together until they separated in 1991. The wife returned to Florida in 1992, where she and the child currently reside. The husband moved to Indiana, where he currently resides. The wife had filed a petition for dissolution of marriage in Texas, which she dismissed before filing a petition in Florida in 1994.
The wife alleged that Florida jurisdiction was proper for a number of reasons: (1) she had been a resident of Florida for more than six months, (2) the parties were married in Florida in 1974, (3) the parties' daughter was *993 born in Florida in 1978, (4) the parties lived in Florida until 1986, (5) the husband was born in Florida and his extended family still lives here, (6) the husband periodically comes to Florida to visit their daughter, and (7) the husband makes business trips to Florida.
The husband filed a motion to dismiss for lack of jurisdiction, arguing that the wife had failed to allege a sufficient basis under section 48.193, Florida Statutes (1993), for Florida to exercise jurisdiction. The trial court denied his motion and found that Florida does have personal jurisdiction over him because he has significant contacts with the state.[1]
The First District Court of Appeal vacated the order concerning personal jurisdiction and remanded the case for proceedings consistent with its opinion. It held that section 48.193(1)(e) (the section of the statute discussing prior residence in Florida) required prior residence in Florida proximate in time to the commencement of the action. The court noted that the parties had voluntarily left Florida to set up a marital residence in Texas, that no real property was jointly owned in Florida, and that the parties lived in Texas for over five years together before the separation. The court found that those circumstances did not support the exercise of personal jurisdiction by a Florida court. On motion for rehearing, the district court certified the question to this Court.
The portion of Florida's long arm statute we are asked to construe reads:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . . .
(e) With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
§ 48.193, Fla.Stat. (1993).
A state's power to exercise personal jurisdiction is limited by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 108, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). The United States Supreme Court has decided a line of cases denominating the minimum contacts a nonresident defendant must have with a state before a court can exert personal jurisdiction consistent with the Due Process Clause.[2] Therefore, states have the power to enact statutes governing the exercise of personal jurisdiction over nonresident defendants as long as those statutes are either coextensive with or more restrictive than the outside limits of due process established through the Supreme Court's case law. Consistent with this, Florida *994 has enacted several such "long arm" statutes which enumerate the specific situations in which jurisdiction over nonresident defendants is proper. See Ch. 48, Fla.Stat. (1993).
Section 48.193, Florida Statutes (1993), is one of Florida's long arm statutes. Before a Florida court can exercise personal jurisdiction over a non-Florida resident, the defendant or the defendant's conduct must satisfy one of the statutory requirements. Therefore, the relevant analysis in determining whether it was proper for the circuit court to exercise jurisdiction over the husband in the instant case is to examine whether he or his conduct falls within one of the statutory sections. The wife argues that section 48.193(1)(e) confers jurisdiction in the instant case. We disagree.
The language at issue"if the defendant resided in this state preceding the commencement of the action"cannot be taken quite so literally as to grant jurisdiction over any parties to a dissolution proceeding where the spouses had ever resided in Florida for any length of time. When the Garretts left Florida to set up residence in Texas, they effectively abandoned this state. In the district court cases which have held that the trial court correctly exercised jurisdiction under this section of our long-arm statute, the matrimonial domicile had been in Florida and one spouse continued to maintain residence in Florida after the parties separated.[3]
Here, the parties lived in Texasas a married couplefor close to five years after leaving Florida. The wife did not return to Florida until after the parties separated. To allow the court to obtain personal jurisdiction under these circumstances would empower the Florida courts to exercise jurisdiction over any party to a dissolution proceeding if the couple had ever lived in this state, for however brief a time. This would clearly violate the Due Process Clause of the United States Constitution.
The contacts which the wife alleges the husband has with the state of Florida in this case, including his frequent trips to Florida for business and his voluntary payment of support in this State, do not have relevance to whether or not the prior residence provision of the statute applies. Because the Garretts jointly abandoned Florida as their state of residence, the wife lost the "protection" of section 48.193(1)(e).
Section 48.193(1)(e), Florida Statutes (1993) does not provide a basis for Florida courts to exercise jurisdiction over the husband. For these reasons, we approve the decision of the court below and answer the certified question, as rephrased, in the negative.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., concurs with an opinion.
WELLS, Justice, concurring.
While I concur with the majority opinion, I write separately to point out what I believe to be confusion, not limited to this case, in respect to Florida courts having personal jurisdiction and Florida courts obtaining personal jurisdiction over a nonresident defendant by service of process pursuant to the "long arm statute." Florida courts have personal jurisdiction over a nonresident defendant when that nonresident defendant is properly served with service of process while that nonresident defendant is voluntarily present in Florida. See Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (finding jurisdiction appropriate over a nonresident defendant who was served with a divorce petition while on a business trip to the forum state); New York v. O'Neill, 359 U.S. 1, 79 S.Ct. 564, 3 L.Ed.2d 585 (1959) (finding that Florida courts had immediate personal jurisdiction over a nonresident by virtue of his presence within the state); Pennoyer v. Neff, 95 (5 Otto) U.S. 714, 24 L.Ed. 565 (1877). Thus, had Mr. Garrett been served with process while in Florida, he would have been subject to our court's jurisdiction. See *995 Burnham. However, I agree with the majority that under the facts of this case, Mr. Garrett cannot be subjected to the jurisdiction of Florida courts by service under a long arm statute which effects service upon him out of state.
NOTES
[1] The trial court cited the duration of the marriage in Florida before the parties' move to Texas, the husband's frequent trips to Florida for business, the husband's voluntary payment of support in Florida, and the wife's representation that the husband expressed a desire to return his residence to Florida.
[2] See, e.g., Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990); Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). These and other cases elaborate on the holding that where there is a defendant "not present within the territory of the forum, he [must] have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe Co., 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 342-43, 85 L.Ed. 278 (1940)).
[3] See, e.g., Durand v. Durand, 569 So.2d 838 (Fla. 3d DCA 1990) review denied, 583 So.2d 1034 (Fla.1991); Binger v. Binger, 555 So.2d 373 (Fla. 1st DCA 1989) review denied, 560 So.2d 232 (Fla.1990).