672 So.2d 622 (1996)
Anne M. MORRIS, Former Wife, Appellant,
v.
Donald K. MORRIS, Former Husband, Appellee.
No. 95-3915.
District Court of Appeal of Florida, First District.
April 26, 1996.
Robert B. Staats of Staats, White & Clarke, Panama City, for Appellant.
Carroll L. McCauley of McCauley & Peters, Panama City, for Appellee.
BENTON, Judge.
Anne M. Morris appeals the circuit court's final judgment determining that it lacked personal jurisdiction over her former husband for the purpose of entering an order requiring him to pay child support. We affirm the final judgment, on the authority of Garrett v. Garrett, 668 So.2d 991 (Fla.1996).
*623 In 1982, the parties were married in Pensacola, Florida, where they were both stationed in the United States Navy. Two years later, after the birth of a son in Florida, Donald K. Morris, who was still in the Navy, was transferred to Virginia. The Morrises sold their home in Pensacola and moved to Virginia. (The former wife testified that she viewed this move as temporary. The former husband's affidavit states that he saw the move as a permanent change in residence.) At least through 1986, the parties' vehicles were titled in Florida and they had Florida driver's licenses.
In July of 1986, Ms. Morris and the parties' son left Virginia and returned to Florida to live. The former husband made child support payments and car payments by mail to the former wife's bank account in Florida after the parties separated. He has not lived in Florida since 1984, and has only visited twice since then, once for a week in 1988 and again for a week in 1994.
For ten of the twelve years the marriage lasted, Ms. Morris and the minor child resided in Florida, although Mr. Morris lived with them in Florida for only two years. Here, as in Garrett, the parties married in Florida and were living here when a child was born. After they left Florida together, they separated, the former wife and child returned to Florida to live, and the former husband visited Florida (although not for any business purpose, as far as the record shows). In the present case, however, the former husband still had a Florida driver's license and a Florida vehicle title when the former wife returned to Florida.
In 1994 Mr. Morris left Virginia and, in April of that year, filed for dissolution of the marriage in the Superior Court of Island County, Washington. Thereafter Ms. Morris sought dissolution of the marriage in the Circuit Court of Bay County, Florida, effecting service on her former husband on the purported authority of section 48.193(1)(e), Florida Statutes (1993). Mr. Morris filed a motion to dismiss the Florida proceeding alleging a lack of personal jurisdiction.
On February 9, 1995, the learned trial judge entered an order granting the former husband's motion to dismiss, citing the district court's decision in Garrett v. Garrett, 652 So.2d 378 (Fla. 1st DCA 1994), a decision which our supreme court subsequently affirmed. 668 So.2d 991 (Fla.1996). On October 12, 1995, the trial court entered a final judgment granting the dissolution of marriage, but ruling that it lacked personal jurisdiction over the husband for the purpose of entering an order requiring child support. (On October 20, 1994, the Washington Superior Court had entered its own dissolution decree.)
We find "insufficient proximity or connection to support a finding of personal jurisdiction pursuant to section 48.193(1)(e), Florida Statutes." Garrett, 652 So.2d at 379. Appellant's efforts to distinguish the present case from Garrett are unavailing. While certain factual differences arguably strengthen her contention that constitutional requirements for minimum contacts are met here, we have no occasion to reach any constitutional question, in light of our supreme court's definitive construction of the applicable long arm statute in Garrett. "In keeping with the rule of decision which forbids reaching constitutional questions when cases can be disposed of on statutory grounds, we turn first to ... [the] statutory claim." Silver Rose Entertainment, Inc v. Clay County, 646 So.2d 246, 248 (Fla. 1st DCA 1994), review denied, 658 So.2d 992 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 339, 133 L.Ed.2d 237 (1995).
In Garrett, the supreme court construed the pertinent statutory provision in a manner that avoided decision of federal constitutional questions that would otherwise have been presented. The Garrett court held that section 48.193(1)(e), Florida Statutes (1993) does not confer jurisdiction over a former spouse for purposes of alimony, child support, or division of property, if a couple resides out of state at the time of their separation. Here, as in Garrett, the "parties left Florida to set up residence in [another state and ... t]he wife did not return to Florida until after the parties separated." Garrett, 668 So.2d 994. The statute does not, therefore, apply.
*624 Accordingly, we affirm the final judgment granting the dissolution of marriage and ruling that the circuit court lacked personal jurisdiction over the husband for the purpose of entering an order requiring him to pay child support.
VAN NORTWICK, J., concurs.
BOOTH, J., specially concurs with opinion.
BOOTH, Judge, specially concurring.
I must concur since the Garrett case, supra, compels the affirmance of the judgment below. The facts of the instant case appear to be even more egregious than those in Garrett in that Appellee's minor child, who was born in this state and resided here for ten of his twelve years, suffers from Down's syndrome. The child is now effectively deprived of parental support, contrary to this state's strong public policy favoring parental responsibility and jurisdiction of courts based on the presence of the child.[1] Only if the father "happens" to be caught within the borders of this state and is personally served, or if the mother and child establish a sufficient presence in the State of Washington and obtain personal service of the father in Washington, can the child obtain the needed support.[2]
Appellee has consented to his minor child's residency in Florida and has stipulated to the mother's custody of the child in Florida. He has been awarded reasonable visitation rights, and is quite content to have his child enjoy the benefits of citizenship and services in this state and the protection of the laws here. These circumstances should be enough to allow entry of a support order. Indeed, a nonresident putative father who has engaged in the act of sexual intercourse in Florida is more readily subject to the jurisdiction of this state than the nonresident legal father whose minor child resides here.[3]
The holding of the Garrett case, in pertinent part, states that "[b]ecause the Garretts jointly abandoned Florida as their state of residence, the wife lost the `protection' of section 48.193(1)(e)." There is no mention in Garrett of the child's right to the protection of the statute, and this was, I believe, a major oversight. A minor child's right to parental support is not readily subject to waiver or abandonment.[4]
NOTES
[1] Evans v. Evans, 595 So.2d 988, 990 (Fla. 1st DCA 1992).
[2] A state court in Washington ruled in Appellee's dissolution action that it did not have jurisdiction in matters involving this child, who has "no nexus with the State of Washington."
[3] Section 48.193, Florida Statutes:

"48.193. Acts subjecting person to jurisdiction of courts of state
(1). . .
(h) With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived."
Amended by Laws 1995, c. 95-147, § 281, eff. July 10, 1995.
[4] See, e.g., Beal v. Beal, 666 So.2d 1054 (Fla. 1st DCA 1996).