679 So.2d 342 (1996)
John Leon MORGAN, Appellant,
v.
Michael Tracy Ann MORGAN, Appellee.
No. 95-04247.
District Court of Appeal of Florida, Second District.
September 4, 1996.
*343 Paul E. Riffel of Paul E. Riffel, P.A., Tampa, for Appellant/Husband.
Elizabeth W. Swarens, Tampa, for Appellee/Wife.
SCHOONOVER, Judge.
The appellant, John Leon Morgan, challenges that part of an interlocutory order which held that the trial court acquired personal jurisdiction over him pursuant to Florida's long arm statute, section 48.193(1)(e), Florida Statutes (1993). We reverse.
During the month of April 1995, the appellee, Michael Tracy Ann Morgan, filed the instant action seeking first to establish a Texas divorce decree entered in 1987 and then to increase the child support established by that decree. Ms. Morgan's sworn pleading did not allege that her former husband, *344 Technical Sergeant Morgan, was a resident of Florida, but alleged that he was subject to the jurisdiction of the court pursuant to section 48.193. Sergeant Morgan was personally served a summons and copy of the pleading in the state of Ohio.
In response to Sergeant Morgan's special appearance and motion to dismiss because the pleading did not allege a basis for personal jurisdiction over him, Ms. Morgan filed an amended unsworn pleading. This pleading alleged that Sergeant Morgan was subject to the jurisdiction of the court pursuant to section 48.193 regardless of whether or not he was a current citizen or resident of Florida because he is the father of two children residing within the state and his failure to provide the children with adequate support affected them, their mother, and the state of Florida.
In response to this petition, the former husband filed another special appearance and motion to dismiss. The motion alleged that Sergeant Morgan was a resident of the state of Ohio and that the allegations in the amended petition were insufficient to allow service of process under Florida's long arm statute. A supporting affidavit swearing that the former husband was a resident of the state of Ohio was attached to the motion.
Sergeant Morgan's motion was initially granted but after a hearing on Ms. Morgan's motion which objected to the order dismissing her petition and a motion for reconsideration, the court reversed its ruling and denied the motion. These unsworn motions set forth additional facts concerning Sergeant Morgan's prior residences. The trial court entered an order finding that the court had jurisdiction over Sergeant Morgan and also established the final judgment of divorce entered in the state of Texas. Sergeant Morgan filed a notice of appeal contesting only that portion of the order which determined that the court had personal jurisdiction over him for the purpose of determining his obligation for increased support.[1]
In determining whether long arm jurisdiction is appropriate in a given case, two questions must be answered. First, it must be determined if the complaint alleges sufficient jurisdictional facts to bring the action within the provisions of the statute; and if it does, the next inquiry is whether sufficient minimum contacts are demonstrated to satisfy due process requirements. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989).
Ms. Morgan contends that the court acquired personal jurisdiction over Sergeant Morgan by virtue of the provisions of section 48.193(1)(e), Florida Statutes (1993), and that sufficient minimum contacts have been demonstrated to satisfy due process requirements. We disagree.
Section 48.193 sets forth acts which subject a person to the jurisdiction of the Florida courts. In this case, we are concerned with 48.193(1)(e) which provides:
With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
Although she did not allege it in her initial pleadings, in seeking a rehearing and on appeal, Ms. Morgan contends that the court acquired jurisdiction because Sergeant Morgan resided in Florida preceding the commencement of the action.[2] Although a literal reading of this section could lead to the conclusion that the statute could be complied *345 with if a defendant lived in Florida at anytime before an action is commenced, the statute has been interpreted to include a proximity requirement, i.e. in order for personal jurisdiction to exist, a defendant's residency in Florida must proximately precede the commencement of the action. In making this determination, the court must consider the totality of the circumstances. See Garrett v. Garrett, 652 So.2d 378 (Fla. 1st DCA 1994), decision approved, 668 So.2d 991 (Fla. 1996).
Ms. Morgan did not allege in her initial or amended petition that Sergeant Morgan was a Florida resident at the time she commenced her action, and in her answer brief asserts that it is clear from the record that Sergeant Morgan does not presently reside in Florida. She contends, however, that he was a resident of Florida prior to the commencement of the action and because the parties did not abandon their Florida residence, the court had personal jurisdiction over Sergeant Morgan under the provisions of section 48.193(1)(e).
Although not necessary to our decision, we will first consider this jurisdictional question the way it was argued by the parties. Based upon unsworn pleadings and statements evidently made to the court by the attorneys and Ms. Morgan, it appears that Sergeant Morgan was stationed at MacDill Air Force Base in Tampa, Florida, from 1978 until 1986. The parties were married in Florida in 1982 and resided in Florida until 1986 when the Air Force transferred Sergeant Morgan to Wichita Falls, Texas. The parties had two children, one born in Florida and the other in Texas. In 1987, Sergeant Morgan obtained a divorce from Ms. Morgan in the state of Texas. Although Ms. Morgan attended the divorce hearing in Texas, court records indicate that she and the children had moved back to Tampa, Florida, by the time of the final hearing. Sergeant Morgan was subsequently transferred to the state of Ohio. It also appears that Sergeant Morgan has maintained his Florida driver's license.
Sergeant Morgan contends that personal jurisdiction over him was not obtained because of the supreme court's holding in Garrett v. Garrett, 668 So.2d 991 (Fla.1996). In Garrett, the court held that in contrast to a situation where one party leaves the state and one remains, when both parties leave the state together, as in this case, and reside elsewhere together for a lengthy period of time, their joint abandonment of the state causes the wife to lose the protection of section 48.193(1)(e), and that statute does not provide a basis for Florida courts to exercise jurisdiction over the husband.
On the other hand, Ms. Morgan, also assuming the above information was established by competent evidence, contends that Garrett does not control because Sergeant Morgan was in the military service and kept a Florida driver's license. A member of the service can be a resident of Florida even though he is absent from the state due to a tour of duty. Eckel v. Eckel, 522 So.2d 1018 (Fla. 1st DCA 1988). Although these facts distinguish this case from the Garrett case, our sister court in Morris v. Morris, 672 So.2d 622 (Fla. 1st DCA 1996), held that jurisdiction was not conferred on the Florida courts when the parties left the state together because of a military transfer and both were living out of the state at the time of the separation. Both parties maintained their Florida driver's licenses until after they separated. The court said: "Here, as in Garrett, the `parties left Florida to set up residence in [another state and ... t]he wife did not return to Florida until after the parties separated.' Garrett, 668 So.2d at 994. The statute does not, therefore, apply." Morris, 672 So.2d at 623.
However, since the information forming the basis for both parties' arguments was not proven by competent evidence, and the trial court erred in the manner it considered the jurisdictional question, as mentioned above, it is not necessary to consider the application of the principles set forth in the Garrett decision in deciding this case. Furthermore, it is not necessary for us to decide if we should follow the Morris court holding that the principles set forth in the Garrett case apply to military personnel who have been ordered to move from the state, and we decline to do so at this time.
*346 When a plaintiff seeks to obtain jurisdiction over a defendant by use of the long arm statute, in addition to showing that due process requirements have been met, he must demonstrate that the defendant has met at least one of the long arm jurisdiction requirements set forth in section 48.193. This burden may initially be met by pleading facts constituting a jurisdictional basis contained within the statute. Fla. R. Civ. P. 1.070(h). If a plaintiff pleads a prima facie case establishing jurisdiction, a motion to dismiss for lack of jurisdiction, without more, must fail. If the motion is supplemented, as in this case, with an affidavit contesting jurisdiction, the burden returns to the plaintiff who must, by affidavit or other sworn statement, prove a sufficient jurisdictional basis. If the affidavits are factually reconcilable, the court can resolve the issue at that time. If not, an evidentiary hearing must be held. Venetian Salami Co., 554 So.2d at 503.
Ms. Morgan's pleading alleged that the court had jurisdiction over Sergeant Morgan pursuant to section 48.193 but did not allege that jurisdiction existed because he had resided in the state of Florida prior to the commencement of her action. The unsworn pleading alleged that the court had jurisdiction because he was the father of two children residing within the state and his failure to provide the children adequate support affected them, their mother, and the state of Florida. This allegation in itself did not plead a prima facie case establishing jurisdiction. Dunlop v. Dunlop, 564 So.2d 618 (Fla. 4th DCA 1990). Even if we assume that a prima facie case of jurisdiction was pled because Ms. Morgan set forth the entire statute, the burden was shifted back to her when Sergeant Morgan filed an affidavit concerning his residency. Once this was done, Ms. Morgan did not file any affidavit or other form of competent evidence and the trial court should have granted Sergeant Morgan's motion at that time. Venetian. Since no disputed issue of fact was created, it was not necessary to have an evidentiary hearing, and the court erred by not granting Sergeant Morgan's motion contesting the court's jurisdiction to increase child support.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, A.C.J., and BLUE, J., concur.
NOTES
[1] See Morris v. Morris, 672 So.2d 622 (Fla. 1st DCA 1996), where the court held that it did not have personal jurisdiction over a husband for support purposes, but upheld that part of action which granted a dissolution of marriage.
[2] In her amended unsworn petition Ms. Morgan alleged, as already mentioned, that the court had jurisdiction because Sergeant Morgan is the father of two children residing within the state and his failure to provide adequate support to them affects the children, their mother, and the state of Florida.